EL PUEBLO, DEMANDANTE Y APELADO, *v.* ANDREU, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción del artículo 162 del Código Penal. MOCIÓN del apelado para que se desestime la apelación.

No. 976.—Resuelto en abril 27, 1916.

SENTENCIA—REGISTRO DE SENTENCIA—APELACIÓN—CONSENTIMIENTO.—Una moción para que se registre una sentencia de conformidad con la resolución anterior de la corte, para debatir la corrección de dicha resolución o sentencia en apelación, no es un consentimiento de tal naturaleza que constituya una renuncia del derecho de apelación.

ACUSACIÓN—SENTENCIA—DELITO.—No puede registrarse sentencia válida a virtud de una acusación en la que no se imputa al acusado delito alguno.

ALEGACIÓN DE CULPABILIDAD—ADMISIÓN—ACUSACIÓN INSUFICIENTE.—La alegación de culpabilidad tiene el efecto de admitir en autos lo que ha sido correctamente alegado en la acusación, y si ésta es insuficiente, no existe admisión alguna por el acusado.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El apelante no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El acusado y apelante fué declarado culpable por infracción al artículo 162 del Código Penal, a virtud de una acusación en la cual se imputaron los hechos siguientes:

"El citado acusado, allá por uno de los días del mes de julio de 1914, y en Naguabo, que forma parte del Distrito Judicial de Humacao, allí y entonces, voluntariamente, se hizo inscribir en el registro de electores de Naguabo, precinto electoral de Naguabo, sabiendo que no tenía derecho a tal inscripción, por no tener la edad que la ley exige para ser elector, o sea veinte y un años."

Esta acusación fué excepcionada, por el fundamento de no constituir delito público los hechos denunciados.

Fué desestimada la excepción perentoria y el acusado entonces alegó su culpabilidad.

El Fiscal solicitó que se desestime la apelación entre otros

fundamentos, porque "en un caso criminal la parte no puede obtener la revisión en apelación o auto de error de una sentencia debidamente registrada después de la alegación de culpabilidad, toda vez que dicha sentencia tiene el efecto de una sentencia por confesión," y cita en apoyo de este criterio relativo a la cuestión, los casos de *Lowe* v. *State,* 11 Md. 1, 73 Atl. 637, 18 Amer. Cases, 744, 24 R. L. A. (N S.) 439.

Considerada la proposición como una exposición en términos generales de una regla general, es bastante correcta, pero el principio comprendido en ella no tiene aplicación al presente caso. La regla está basada en la teoría de una renuncia y sólo puede ser aplicable a las cuestiones que han sido renunciadas. Es bien conocida la ley referente a que una moción o estipulación sobre el mero registro formal de una sentencia de conformidad con la resolución o sentencia anterior de la corte, para probar la corrección de dicha resolución o sentencia en apelación, no es un consentimiento de tal naturaleza que constituya una renuncia del derecho de apelación. 3 C. J. p. 603, sec 448, p. 671, sec. 546, p. 674, secs. 547, 548; 2 R. C. L. p. 57, secs. 38 *et seq.; Binet* v. *García,* 18 D. P. R. 337; *Sucesión Nieves* v. *Sucesión Sánchez,* 17 D. P. R. 872; *Torres* v. *Calaf,* 17 D. P. R. 616, y casos citados.

En el caso de Lowe la corte trata extensamente de la frase *"debidamente registrada"* limitando el principio general como ha sido enunciado por la mayoría, sino todas las autoridades, y llama la atención hacia el hecho de que la palabra "debidamente" no se refiere a la mera forma del registro sino que más bien hace referencia a la sustancia, y dice en conclusión acerca de este punto lo que sigue: "No podemos sostener que la sentencia fué debidamente registrada según el criterio de las autoridades citadas por el Attorney General; y si no fué registrada de tal modo, esta apelación no puede ser desestimada."

Por tanto, a no ser que podamos decir que la sentencia dictada en este caso fué debidamente registrada después de desestimada la excepción, la moción sobre desestimación no

puede ser declarada con lugar.   Es evidente por sí mismo que no puede registrarse ninguna sentencia condenatoria válida a virtud de una acusación en la que no se imputa ningún delito, y suponer que la acusación es suficiente en cuanto al particular, es simplemente dar por sentada la única cuestion vital envuelta en esta apelación.

Cualquier aplicación que hiciéramos de la teoría de la moción a los hechos de este caso habría de sugerir, si es que no envuelve un retroceso a la antigua doctrina de la ley común, según la cual aun en los casos de pena capital, "si" el acusado "formula excepción perentoria y se resuelve en su contra se dictará sentencia de muerte contra él." 2 Bishop's New Criminal Procedure, p. 609, sec. 782.

La verdadera regla por la cual debemos guiarnos en el presente caso ha sido enunciada por el mismo tratadista en el tomo a que acabamos de hacer referencia con claridad y brevedad características, en la página 620, sec. 795, en donde refiriéndose a la alegación de culpabilidad dice lo siguiente:

"El efecto de esta alegación es una admisión en autos de todo lo que ha sido correctamente alegado en la acusación.   Si ésta es insuficiente, no se admite nada, pero si es válida la corte procede al fallo."

Véase también el caso de *El Pueblo* v. *García,* resuelto en abril 25, 1916.

Los otros fundamentos que han sido invocados se refieren a detalles de procedimiento y práctica confiados en gran parte a la discreción y control de la corte y no es preciso que sean discutidos.

La excepción perentoria levanta una cuestión fundamental y el defecto, de existir, es fatal tanto para la acusación como para la sentencia. *El Pueblo* v. *García, supra.*

La moción debe ser denegada.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.